FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 JAN 28 A 10: 59

CLERK US DISTRICT COURT

| | |
|---|---|
| CAROLYN DYKES, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) PORTFOLIO RECOVERY ASSOCIATES, LLC, ) ) Defendant. ) ) | No. 1:15cv110-JCC-TRJ<br><br>CLASS ACTION COMPLAINT<br><br>TRIAL BY JURY DEMANDED |

### *Introduction*

1. Plaintiff Carolyn Dykes brings this action on behalf of herself and all those similarly situated against Defendant Portfolio Recovery Associates LLC ("PRA"), a debt collector, on account of its false and misleading representations and its unfair and unconscionable practices regarding consumers' time-barred debts.

### *Jurisdiction and Venue*

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. The Court has jurisdiction over Defendant and venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district. Additionally, both Plaintiff and Defendant are domiciled within this district.

*Parties*

4. Plaintiff Carolyn Dykes is a natural person residing in the County of Prince William in the Commonwealth of Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant PRA is a limited liability corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls, and thus is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

*Factual Allegations*

6. On January 29, 2014, PRA sent to Plaintiff a letter, a copy of which is attached as <u>Exhibit A</u> ("the First Collection Letter").

7. The First Collection Letter, which is written almost entirely in Spanish, purported to be collecting a debt allegedly owed to PRA ("the subject debt"). The First Collection Letter also alleged that the subject debt arose from a consumer credit card issued by non-party Capital One Bank (USA), N.A. The subject debt allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. PRA purchased the subject debt after it entered default.

9. The First Collection Letter offered three payment options, which were set out in three boxes in the top half of the letter. The first payment option was to make a one-time payment of $1,555; the second payment option was to make six monthly payments of $295 each; and the third payment option was to make twelve monthly payments of $165 each.

10. In the box describing the first payment option, the First Collection Letter stated, "Una vez que su pago unico sea acreditado en su cuenta, su dueda [sic] se dara por 'Terminada.'" (emphasis in original).

11. Translated into English, that statement reads: "Once your one-time payment is credited to your account, your debt will be considered 'Terminated.'"

12. In the boxes describing the six- and twelve-month payment options, the First Collection Letter stated, "Una vez que el ultimo pago parcial sea acreditado en su cuenta, su deuda se dara por 'Terminada.'" (emphasis in original).

13. Translated into English, that statement reads: "Once your last partial payment is credited to your account, your debt will be considered 'Terminated.'"

14. Based on these statement, the least sophisticated consumer would have believed that, upon completing one of the three payment options, PRA would report the status of the subject debt as "terminated," "finished," "closed," or "paid" to the major credit-reporting agencies.

15. In addition, at the bottom of the First Collection Letter, appears the language "Esta carta proviene de una agencia de cobranza y su intencion es cobrar

una deuda. Cualquiera informacion que se obtenga sera utilizada para ese proposito."

16. Translated into English, this reads "This letter comes from a collection agency and its intention is to collect a debt. Any information that is obtained will be used for that purpose".

17. On May 1, 2014, PRA sent to Plaintiff a letter, a copy of which is attached as <u>Exhibit B</u> ("the Second Collection Letter").

18. The Second Collection Letter is similar to the First Collection Letter; it, too, includes three boxes with three different payment options, as well as the statements quoted and translated above.

19. Near the bottom of the page, the Second Collection Letter contains a statement that is not found on the First Collection Letter: "Debido a la edad de su deuda, no le demandaremos por ella y no la reportaremos a ninguna de las agencias de reporte crediticio."

20. Translated into English, that statement reads: "Due to the age of your debt, it cannot be sued upon and cannot be reported to any credit reporting agency."

21. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681c, most accounts that have been charged-off or placed for collection that are older than seven years old must be excluded from any consumer report.

22. A majority of states – including Virginia – have statutes of limitations for breach of consumer credit contracts that are seven years or less.

23. On information and belief, PRA sometimes purchases – at steep discounts – specially packaged portfolios of charged-off consumer debts that are already time-barred at the time of purchase.

24. On information and belief, PRA then attempts to collect those time-barred debts, mailing hundreds or even thousands of letters similar to the First Collection Letter and the Second Collection Letter.

25. On information and belief, PRA purchased the subject debt as part of one of these portfolios of time-barred consumer debts.

26. Based upon the statements contained in the First Collection Letter and the Second Collection Letter, the least sophisticated consumer would not understand that by making a single payment on the subject debt, or even by promising to make a single payment on the subject debt, she would unwittingly turn back the clock on the statute of limitations – opening the possibility that PRA might sue her for the full amount of the alleged subject debt.

*Class Action Allegations*

27. Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions presented by this case are whether the First Collection Letter sent by Defendants (<u>Exhibit A</u>) violated various provisions of the FDCPA, including, but not

        limited to 15 U.S.C. § 1692e, § 1692e(2), § 1692e(10), and § 1692f.

    c.    The main individual issue is the identification of the class members. This would involve determining which consumers received the First Collection Letter, and which of those recipients' alleged debts were either time-barred or at least seven years old. Both are matters capable of ministerial determination from Defendant's records.

    d.    Plaintiff's claims are typical of those of the class members, as they are based on the same facts and legal theories.

    e.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

28. A class action is superior for the fair and efficient adjudication of the class members' claims, as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

29. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

## COUNT I
### Violations of Sections 1692e, e(2), e(10), e(11) and f of the Fair Debt Collection Practices Act

31. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

32. This Count is brought by Plaintiff, individually and on behalf of two classes consisting of consumers with Virginia addresses, as follows:

<u>Class A</u>:

All consumers with Virginia addresses, who: (a) within one year of January 28, 2015 (b) were sent a debt collection letter – regardless of whether it was in English or in Spanish -- by Defendant PRA in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as <u>Exhibit A</u>; and (c) as to whom the debts asserted by PRA to be owed were either time-barred or at least seven years old; and (d) the letter was not returned by the postal service as undelivered.

<u>Class B</u>:

All consumers with Virginia addresses, who: (a) within one year of January 28, 2015 (b) were sent a debt collection letter in Spanish by Defendant PRA in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as <u>Exhibit A</u>; and (c) the letter was not returned by the postal service as undelivered.

33. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

35. Specifically, FDCPA § 1692e(2)(A) prohibits a collector from "false[ly] represent[ing] . . . the character, amount, or legal status of any debt . . ."

Case 1:15-cv-00110-JCC-MSN Document 1 Filed 01/28/15 Page 8 of 10 PageID# 8

36. Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37. In addition, FDCPA §1692e(11) requires a debt collector to disclose that "the communication is from a debt collector".

38. Moreover, Section 1692f of the FDCPA prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

39. By sending the First Collection Letter, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(2), e(10), e(11) and f.

40. The First Collection Letter violates 15 U.S.C. § 1692e, e(2), and e(10) by:

- Falsely representing that consumers would gain the benefit of having their alleged debts reported to credit reporting agencies as "terminated," "finished," "closed," or "paid," when in fact those alleged charged-off debts were older than seven years old and were no longer being reported by credit reporting agencies.

- Misleading consumers into believing that they might benefit from making small payments on their alleged debts, while concealing the fact that any partial payment would turn back the statutes-of-limitations clock on the alleged debts – which would give PRA the legal right to sue and potentially obtain judgments on the full amounts of the alleged debts.

- Failing to provide a disclosure, in English, that the communication is from a debt collector.

41. Further, the First Collection Letter violates 15 U.S.C. § 1692e(11) by failing to disclose in the English language that Defendant is a debt collector who

was attempting to collect a debt, and that information obtained would be used for that purpose.

42. The letter also violates 15 U.S.C. § 1692f by unfairly and unconscionably attempting to persuade consumers to make small partial payments on their alleged debts, in an attempt to trick them into restarting the statutes of limitations for PRA to sue on those debts.

43. As explained above, no reporting could legally have been made and no lawsuits could legally have been filed when the letters were sent out.

*Demand for Jury Trial*

44. Plaintiff demands a trial by Jury.

*Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against the Defendant for the following:

    (A) Statutory damages as provided by § 1692k of the FDCPA;

    (B) Actual damages incurred as a result of restarting the statutes of limitations on class members' alleged debts;

    (C) Attorneys' fees, litigation expenses and costs;

    (D) A declaration that Defendant PRA's form letters, represented by the forms sent to the Plaintiff on or about January 29, 2014, violate the FDCPA; and

    (E) Any other relief that this Court deems appropriate under the circumstances.

Dated: Manassas, Virginia

January 28, 2014

Respectfully submitted,

By: _____

Thomas R. Breeden
One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Thomas R. Breeden, VSB #3410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel: 703-361-9277, Fax: 703-257-2259
trb@tbreedenlaw.com

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: 212-248-7906, Fax: 212-248-7908
brian@bromberglawoffice.com
jonathan@bromberglawoffice.com
*Pro Hac Vice to be filed*