UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAROLYN DYKES, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) v. ) PORTFOLIO RECOVERY ASSOCIATES, LLC, ) ) Defendant. ) ) | Civil Action No. 1:15cv00110-JCC-MSN<br><br>**CLASS ACTION** AMENDED **COMPLAINT**<br><br>**TRIAL BY JURY DEMANDED** |

### Introduction

1.     Plaintiff Carolyn Dykes brings this action on behalf of herself and all those similarly situated against Defendant Portfolio Recovery Associates LLC ("PRA"), a debt collector, on account of its false and misleading representations and failure to provide required disclosures in English.

### Jurisdiction and Venue

2.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     The Court has jurisdiction over Defendant and venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district. Additionally, both Plaintiff and Defendant are domiciled within this district.

*Parties*

4.      Plaintiff Carolyn Dykes is a natural person residing in the County of Prince William in the Commonwealth of Virginia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant PRA is a limited liability corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls, and thus is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

*Factual Allegations*

6.      On January 29, 2014, PRA sent to Plaintiff a letter, a copy of which is attached as **Exhibit A** ("the First Collection Letter").

7.      The First Collection Letter, which is written almost entirely in Spanish, purported to be collecting a debt allegedly owed to PRA ("the subject debt"). The First Collection Letter also alleged that the subject debt arose from a consumer credit card issued by non-party Capital One Bank (USA), N.A. The subject debt allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.      Plaintiff does not speak or read Spanish.

9.      Plaintiff did not request that disclosures or communications with her be conducted in Spanish.

10.     PRA purchased the subject debt after it entered default.

11.     At the bottom of the First Collection Letter, appears the language "Esta carta proviene de una agencia de cobranza y su intencion es cobrar una deuda.  Cualquiera informacion que se obtenga sera utilizada para ese proposito."

12.     According to Google Translate, translated from Spanish into English, this reads "This letter comes from a collection agency and its intention is to collect a debt. Any information that is obtained will be used for that purpose".

13.     On May 1, 2014, PRA sent to Plaintiff a letter, which is written almost entirely in Spanish, purported to be collecting a debt allegedly owed to PRA ("the subject debt").  a copy of which is attached as **<u>Exhibit B</u>** ("the Second Collection Letter").

14.     At the bottom of the Second Collection Letter, appears the language "Esta comincacion proviene de una agencia de cobranza y su intencion es cobrar una deuda.  Cualquiera informacion que se obtenga sera utilizada para ese proposito."

15.     According to Google Translate, translated from Spanish into English, this reads "This communication comes from a collection agency and its intention is to collect a debt. Any information that is obtained will be used for that purpose".

16.     On November 12, 2014, PRA sent to Plaintiff a letter, which is written almost entirely in Spanish, purported to be collecting a debt allegedly owed to PRA

("the subject debt"). a copy of which is attached as **Exhibit C** ("the Third Collection Letter").

17.     At the bottom of the Third Collection Letter, appears the language "Esta comincacion proviene de una agencia de cobranza y su intencion es cobrar una deuda. Cualquiera informacion que se obtenga sera utilizada para ese proposito."

18.     According to Google Translate, translated from Spanish into English, this reads "This communication comes from a collection agency and its intention is to collect a debt. Any information that is obtained will be used for that purpose".

19.     Pursuant to 15 USC §1692e(11), a debt collector is required to disclose that "the communication is from a debt collector".

20.     None of the dunning letters sent to Plaintiff (The First Collection Letter, the Second Collection letter and the Third Collection Letter) disclose in the English language that Defendant is a debt collector or that the communication is from a debt collector.

21.     By failing to provide the disclosure required by 15 USC §1692e(11) in English, Defendant has failed to adequately provide the required disclosures.

*Class Action Allegations*

22.     Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a.     Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class

members. The principal questions presented by this case are whether the First Collection Letter sent by Defendants (**Exhibit A**) violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e, § 1692e(2), § 1692e(10), and § 1692f.

    c.    The main individual issue is the identification of the class members. This would involve determining which consumers received the First Collection Letter, and which of those recipients' alleged debts were either time-barred or at least seven years old. Both are matters capable of ministerial determination from Defendant's records.

    d.    Plaintiff's claims are typical of those of the class members, as they are based on the same facts and legal theories.

    e.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

23.    A class action is superior for the fair and efficient adjudication of the class members' claims, as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

24.    The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

25.    Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

## COUNT I
### Violations of Sections 1692e and e(11)
### of the Fair Debt Collection Practices Act

26.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

27.     This Count is brought by Plaintiff, individually and on behalf of two classes consisting of consumers with Virginia addresses, as follows:

> All consumers with Virginia addresses, who: (a) within one year of January 28, 2015 (b) were sent a debt collection letter in Spanish by Defendant PRA in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as **<u>Exhibit A</u>**; and (c) the letter was not returned by the postal service as undelivered.

28.     Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

30.     In addition, FDCPA §1692e(11) requires a debt collector to disclose that "the communication is from a debt collector".

31.     By sending the First Collection Letter, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, and e(11).

32.     All three Collection Letters (The First Collection Letter, the Second Collection Letter and the Third Collection Letter) violate 15 U.S.C. § 1692e(11) by failing to disclose in the English language that Defendant is a debt collector who

was attempting to collect a debt, and that information obtained would be used for that purpose.

33.   No individualized inquiry into whether the class members speak Spanish is necessary, because the disclosures were required to have been given in the language of the FDCPA itself: English.  Had Congress or federal regulators wished to allow the notices be given in an additional language, they know how to do so.  See 16 CFR §455.5 (establishing authority for providing Spanish language disclosures in federal Used Car Buyer's Guides).

## *Demand for Jury Trial*

34.   Plaintiff demands a trial by Jury.

## *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against the Defendant for the following:

(A)   Statutory damages as provided by § 1692k of the FDCPA;

(B)   Actual damages incurred as a result of restarting the statutes of limitations on class members' alleged debts;

(C)   Attorneys' fees, litigation expenses and costs;

(D)   A declaration that Defendant PRA's form letters, represented by the forms sent to the Plaintiff on or about January 29, 2014, May 1, 2014 and November 12, 2014 violate the FDCPA; and

(E)   Any other relief that this Court deems appropriate under the circumstances.

Dated: Manassas, Virginia

April 21, 2015

Respectfully submitted,

By: _____/s/_____
　　　Thomas R. Breeden
　　　One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Thomas R. Breeden, VSB #3410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel: 703-361-9277, Fax: 703-257-2259
trb@tbreedenlaw.com

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: 212-248-7906, Fax: 212-248-7908
brian@bromberglawoffice.com
jonathan@bromberglawoffice.com

### *CERTIFICATE OF SERVICE*

I certify that on the 21st day of April, 2015, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

David N. Anthony Virginia State Bar No. 31696
Nicholas R. Klaiber Virginia State Bar No. 80563
H. Scott Kelly Virginia State Bar No. 80546
Counsel for Portfolio Recovery Associates, LLC
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200 Facsimile: (804) 697-1339
Email: david.anthony@troutmansanders.com
Email: nick.klaiber@troutmansanders.com
Email scott.kelly@troutmansanders.com

_____/s/_____
Thomas R. Breeden, Esquire
(VSB #33410)
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia  20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com
*Counsel for Plaintiff*