IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| CAROLYN DYKES, ) | | |
| on behalf of herself and all ) | | |
| others similarly situated, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:15cv110 (JCC/MSN) | |
| ) | | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | | |
| LLC, ) | | |
| ) | | |
| Defendant. ) | | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss the Amended Complaint. [Dkt. 18.] For the following reasons, the Court will deny the motion.

**I. Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On January 28, 2015, Plaintiff Carolyn Dykes ("Plaintiff"), a consumer, filed this putative class action against Portfolio Recovery Associates, LLC ("PRA"), a debt collector, pursuant to the Fair Debt Collection Practices Act

1

("FDCPA"), 15 U.S.C. § 1692, et seq. (Compl. [Dkt. 1].) Plaintiff amended her complaint once as a matter of right. (Am. Compl. [Dkt. 16].)

PRA allegedly purchased a debt in the amount of $3,886.67 that arose from Plaintiff's consumer credit card issued by non-party Capital One Bank (USA), N.A. (Am. Compl. ¶¶ 7, 10.) Nowhere in the amended complaint does Plaintiff dispute the validity of this debt. Instead, Plaintiff alleges that PRA sent her three collection letters, also known as "dunning" letters: the first, on January 29, 2014 (Am. Compl. Ex. A), the second, on May 1, 2014 (id. Ex. B), and the third, on November 12, 2014 (id. Ex. C). (Id. at ¶¶ 6, 13, 16.) Each letter was written almost entirely in Spanish. (Id. at Exs. A, B, C.) PRA's logo, positioned at the top-center of each letter, was in English and read: "Portfolio Recovery Associates, LLC: We're giving debt collection a good name." (Id. at Exs. A, B, C.) Plaintiff does not speak or read Spanish. (Id. at ¶ 8.) Plaintiff never requested that any communications be made in Spanish. (Id. at ¶ 9.)

The following language appeared in bold at the bottom of the first collection letter: "Esta carta proviene de una agencia de cobranza y su intencion es cobrar una deuda. Cualquiera informacion que se obtenga sera utilizada para ese proposito." (Id. at ¶ 11.) According to Plaintiff, this

2

translates in English to: "This letter comes from a collection agency and its intention is to collect a debt.  Any information that is obtained will be used for that purpose."[1]  (Id. at ¶ 12.)

In the amended complaint, Plaintiff claims that PRA's collection letters are false, deceptive, or misleading in violation of sections 1692e and 1692e(11) of the FDCPA, mainly because they are written almost entirely in Spanish.  (Am. Compl. ¶¶ 20-21, 29, 32.)  Plaintiff asks for statutory damages, actual damages, costs, and declaratory relief.  (Id. at 7.)

This matter is now before the Court on PRA's motion to dismiss the complaint in its entirety for failure to state a claim.  (Def.'s Mot. to Dismiss [Dkt. 18]; Def.'s Mem. in Supp. [Dkt. 19].)  In short, PRA contends that the FDCPA does not mandate the English disclosures that Plaintiff seeks.  (Def.'s Mem. at 1.)  Plaintiff filed a brief in opposition [Dkt. 23], to which PRA replied [Dkt. 24].  Accordingly, the motion is ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[1] The second and third collection letters contained slightly different bolded language that conveyed the same message: "Esta comincacion proviene de una agencia de cobranza y su intencion es cobrar una deuda. Cualquiera informacion que se obtenga sera utilizada para ese proposito."  (Am. Compl. ¶¶ 14-15, 17-18.) According to Plaintiff, this translates in English to: "This communication comes from a collection agency and its intention is to collect a debt. Any information that is obtained will be used for that purpose."  (Id. at ¶¶ 15, 18.)

3

allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a court must be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted).

### III. Analysis

Plaintiff's amended complaint contains one count under the FDCPA. (Am. Compl. ¶¶ 26-33.) Plaintiff contends that the three collection letters are false, deceptive, or misleading, in violation of section 1692e's general prohibition against false, deceptive, or misleading representations. (Am. Compl. ¶ 29.) Stated differently, Plaintiff claims that PRA violated section 1692e(11) by failing to provide an English disclosure in the collection letters that stated PRA was a debt collector who was attempting to collect a debt, and that information obtained would be used for that purpose. (Am. Compl. ¶¶ 20-21, 32.)

"The PDCPA seeks to protect consumers from abusive, deceptive and unfair debt collection practices by establishing,

4

in part, guidelines for communications by debt collectors." Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997).  The FDCPA provides a private right of action to consumers where "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Penn v. Cumberland, 883 F. Supp. 2d 581, 586-87 (E.D. Va. 2012) (quoting Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).  Here, the only issue is whether Plaintiff has failed to sufficiently plead facts that show Defendant violated section 1692e or 1692e(11) by act or omission.[2]

Plaintiff claims that "[b]y sending the First Collection Letter, [PRA] violated numerous provisions of the FDCPA, including 15 U.S.C. § 1692e . . . ."  (Am. Compl. ¶ 31.) Plaintiff contends that the "failure to provide . . . disclosures in English" constitutes false and misleading representations.  There is no allegation, however, that the substance of the Spanish collection letters contained false statements or information; quite simply, they were just written in Spanish, a language she could not read.  Section 1692e of the

---

[2] It is not contested that Plaintiff was the object of collection activity arising from consumer debt and that PRA is a debt collector.

FDCPA generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To rise to the level of a statutory violation, the representation must be material. Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015); see also Penn, 883 F. Supp. 2d at 589. To make the materiality determination, "courts typically ask whether it would mislead or deceive the least sophisticated consumer with respect to the alleged debt." Id. (citations omitted). Stated differently, courts "consider how a 'naïve' consumer would interpret the statement." Elyazidi, 780 F.3d at 234 (citing United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996)).

"While protecting naïve consumers, the standard also prevents liability for bizarre and idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Nat'l Fin. Servs., Inc., 98 F.3d at 135-36. In other words, it is an objective standard. The Fourth Circuit has "never directly addressed whether application of the objective least-sophisticated-consumer test to the language of a dunning letter is a question of law, [but has] assumed that to be the case." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 395 (4th Cir. 2014). Ultimately, the Court is "not

6

concerned with mere technical falsehoods that mislead no one," but instead guards against "misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126-27 (4th Cir. 2014) (citations omitted).

Here, in short, even though there is nothing substantively false about the representations made by PRA in the Spanish collection letters, the Court finds that "they could objectively affect the least sophisticated consumer's decisionmaking." Powell, 782 F.3d at 126-27. The Court makes this finding at the motion to dismiss stage ever mindful that dismissal pursuant to Rule 12(b)(6) is disfavored. Fayetteville v. Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991) (citing 2A Moore's Federal Practice, ¶ 12.07, p. 12-63).

"As always . . . we must view the allegedly false or misleading representations in context." Elyazidi, 780 F.3d at 234. Even though there is no official language requirement under the FDCPA, Courts have been suspicious when debt collectors use both English and Spanish in collection letters. See, e.g., Ehrich v. I.C. Sys., Inc., 681 F. Supp. 2d 265, 273-74 (E.D.N.Y. 2010) ("The inclusion of the Spanish sentence indicates the defendant's awareness that the recipients of the

7

debt collection letter included Spanish-speaking consumers who did not speak English (and perhaps even indicates that Spanish-speaking consumers were actually being targeted by defendant). . . . [B]y including the Spanish sentence, defendant might deceive or mislead the least sophisticated Spanish-speaking consumer into calling the phone number, thereby potentially waiving his or her rights."). Similarly, here, the collection letters were written almost entirely in Spanish, but also contained portions in English, including PRA's own logo: "Portfolio Recovery Associates, LLC: We're giving debt collection a good name." (Am. Compl. Ex. A (emphasis added).) The inclusion of the English portions indicates PRA's awareness that the recipients of the debt collection letters include English-speaking consumers who did not speak Spanish. And perhaps PRA was targeting English-speaking debtors with Spanish-only letters in an attempt to deceive or mislead, as Plaintiff alleges. At this stage, and based on the reasoning in Ehrich, the Court must accept this allegation as true--the least sophisticated consumer would find the collection letters deceptive or misleading.

Moreover, Plaintiff claims the collection letters "violate 15 U.S.C. § 1692e(11) by failing to disclose in the English language that Defendant is a debt collector who was attempting to collect a debt, and that information obtained would be used for that purpose." (Am. Compl. ¶ 32.) For

8

similar reasons discussed above, reading Plaintiff's amended complaint in a light most favorable to her, this claim also must survive.

> 15 U.S.C. § 1692e(11) prohibits:
>
> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

This is colloquially known as the "Mini-Miranda" requirement. See Ehrich v. I.C. Sys., Inc., 681 F. Supp. 2d 265, 273-74 (E.D.N.Y. 2010). The plain statutory language of 15 U.S.C. § 1692e(11) does not require English-only disclosures. However, here, it is alleged that PRA failed to disclose the necessary warnings stated above because Plaintiff could not read Spanish. Thus, she did not actually receive the statutory disclosures. In other words, as to this Plaintiff, it is alleged that PRA violated section 1692e(11). Again, at this stage of the proceeding, this claim must survive because the allegations are assumed to be true and read in a light most favorable to the Plaintiff.

Ultimately, the Court could not find any authority that requires debt collectors to predict the consumer's native language when sending out collection letters.  This is because such authority would undoubtedly cause a slippery slope.  Indeed, there is no explicit language requirement at all in the statue.  Instead, the Court must assess the reasonableness of the debt collector's communication, and determine whether the form and substance "could objectively affect the least sophisticated consumer's decisionmaking."  Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126-27 (4th Cir. 2014) (citations omitted).  And while an all-Spanish collection letter certainly does not entitle PRA to any best-practice awards, at this stage in the proceeding, Plaintiff has alleged that PRA's collection letters were also objectively unreasonable and deceptive from the viewpoint of the least sophisticated consumer.  For purposes of this motion, the Court accepts Plaintiff's allegations.  Accordingly, the Court will deny PRA's motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court will deny PRA's motion to dismiss.  An appropriate Order shall issue.

|  |  |
|---|---|
|  | /s/ |
| June 30, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |